## No. IX.

### ROBERT HAMILTON V. BATTLE AND FORT.

*Appeal from Bowie County.*

JONES (WILLIAM E.), JUSTICE.—This was an action commenced by the appellant, Hamilton, against the appellees, Battle and Fort, in the court below on an instrument in writing expressed in the following

State v. De Casinova, 1 T., 401; Babb v. Carroll, 21 T., 765. The power of district courts to hear and determine headright claims was special, and a strict and literal compliance with all conditions, restrictions and limitations on this power was required to give jurisdiction. As a general rule, the suit

words, viz: "In the month of February, 1843, we or either of us prom-
ise to pay to Wm. B. Hawkins, his heirs or assigns, four thousand dollars
worth of ginned cotton, at eight cents per pound, for value received of
him; the said cotton to be of the best quality made by us and to be de-
livered at McKinney's, or J. W. Fort's landing.   Given under our hands
and seals this 16 December, 1841.   Owen D. Battle (Seal.) J. W. Fort
(Seal)."

This written instrument was transferred by assignment on the 18th
day of January, 1842, by the obligee, Hawkins, to the appellant in this
case.   The defendants in the court below plead tender by defendant
Battle and refusal by Hamilton, the assignee.

The evidence as sent up to this court in the statement of facts is sub-
stantially as follows:   That in the month of February, 1843, Battle de-
livered at M'Kinney's landing 120 bales of cotton, being his entire crop;
out of which he weighed out 107 bales, making in the aggregate over
50,000 pounds of ginned cotton, which he set apart and tendered to the
authorized agent of Hamilton; at the same time offering him choice
out of the remaining thirteen bales, in lieu of any portion of that set
apart for him.   The agent refused to accept it in payment of the debt,
saying that Hamilton considered the note a joint one and that he had
a right to a selection out of the crops of both defendants.   There was
no positive proof that the defendant Fort raised any cotton, the only
testimony on that point being that of one witness, who stated that he
saw a few bales of cotton at Fulton, marked "J. W. Fort," and was told
by Fort that it was his and that it was very good cotton.

Upon this evidence the jury returned a verdict for the defendants
in the court below, and a judgment was rendered thereon accordingly.
The counsel for Hamilton moved the court to grant a new trial on the
ground, "that the jury found against the law and evidence in the case
and against the charge of the judge."   That motion being overruled,
Hamilton appealed to this court.

It is insisted by the counsel for the appellant that "by the evident
terms of the agreement he was entitled to a selection out of both crops
of the appellees;" and that although it is conceded that either defendant
might pay the debt, "yet it must be done in accordance with their agree-
ment, by tendering cotton of the best quality out of both their crops;"
and as the evidence disclosed the fact that a tender was made by but
one defendant and out of but one crop, that therefore the verdict of the
jury was against the law and evidence of the case; that the judgment
ought to be reversed, and such judgment rendered by this court as should
have been rendered by the court below.

Although the technicalities and circumlocution of special pleading as

could only be brought in the county where the claimant resided at the time
of the passage of the law authorizing suit.   State v. Manchaca, 1 T., 586;
Jones v. Menard, 1 T., 771; State v. De Casinova, 1 T., 401; Linn v. State, 2
T., 317; Kempner v. Victoria, 3 T., 135; Land Commissioners v. Riley, 3 T.,
237; Jones v. Borden, 5 T., 410; Capp v. Terry, 75 T., 391; Mexican Ry. Co.
v. Jarvis, 80 T., 456.

practiced under the common law have been discarded in this Republic by statutory provisions, yet it is not to be understood that recoveries can be had in our courts except in accordance with the state of the pleadings; nor is the plaintiff absolved from the necessity of setting out in his petition, fully and substantially, the grounds of his complaint upon which he seeks a judgment in his favor. In actions upon bonds and notes payable in specific articles, it is necessary for the plaintiff, in order to convert it into a money demand, to allege, clearly and substantially, the failure or neglect of the defendant to perform the contract by the delivery of the specific property in accordance with the terms of the contract, and his own right to recover money consequent upon that failure. In all such cases the obligor or promissor has his election of either alternative—to deliver the property at the time and place specified in the contract, or to pay the money. It is only upon his failure to perform the first alternative that the obligee's or promissee's right to recover the money can accrue; and however clear that right may be, however well grounded his cause of action, he can not recover beyond his allegations of the defendant's nonperformance. In the case under consideration, the appellant, after setting forth in his petition the terms of the contract and its assignment to himself by the original obligee, alleges the nonperformance of the appellees in the following manner, viz: "And the said plaintiff avers that the said defendants, or either of them, hath not as yet paid said sum of $4000 in good ginned cotton delivered at M'Kinney's or J. W. Fort's landing, or any part thereof, as they were bound to do; although often requested so to do." Now it will be readily perceived that he does not allege in his petition the breach of the covenant or promise upon which he relies in this court for a reversal of the judgment. He insists in this court upon his right to recover the money, because he was entitled to a selection out of the crop of both the appellees, whereas he was tendered but one crop for his selection. Were it deemed necessary, it could easily be demonstrated that he was entitled to no such selection; that such a right is not deducible from the terms of the contract; but he does not allege in his petition that he was denied the privilege of selection; he does not set *that* up as a breach of the defendant's obligation, by which he is entitled to demand and recover the money; and not having averred it, he is not entitled to recover for any such breach, if it had occurred. Nor is it alleged in the petition that the defendants had failed to deliver "cotton of the best quality raised

---

**Note 53.**—Gregg v. York, p. 528.

Is a harsh and summary remedy and all precedent conditions must be strictly complied with. Raquet v. Mixon, Dal., 386; Fowler v. Poor, Dal., 401; Sloo v. Powell, Dal., 467; Sydner v. Chambers, Dal., 601; Wooters v. McGee, 1 T., 17; Chevallier v. Williams, 2 T., 239; Caldwell v. Haley, 3 T., 317; Sydnor v. Totman, 6 T., 189; Marshall v. Alley, 25 T., 342; Culbertson v. Cabeen, 29 T., 247; Sheffield v. Gay, 32 T., 225; Moody v. Levy, 58 T., 532; Evans v. Tucker, 59 T., 249; Stiff v. Fisher, 2 T. C. A., 346; Sarrazin v. Hetmann, 16 T. C. A., 351; Ball v. Bennett, 21 T. C. A., 399; Dreiss v. Faust, 1 App. C., sec. 33; Whitley v. Jackson, 1 App. C., sec. 575; Schwartz v. Burton, 1 App. C., sec. 1216; Scram v. Duggan, 1 App. C., sec. 1269. No presumption will be indulged to supply defects. City Nat. Bank v. Flippen, 66 T.,

by them or either of them." He alleges simply, "that they had failed to deliver good ginned cotton." Such is the issue tendered by him in his petition and he must abide the event of that issue. He can not call upon this court to give judgment upon issues never made in his pleadings in the court below; he can not expect to recover of the defendants upon allegations which he has never called upon them to answer. The testimony discloses the fact that he refused the tender, not because the cotton tendered was not good, but because the privilege of selecting out of both crops was not tendered to him. There is nothing in the evidence to induce the belief that the cotton was not such as he alleges a failure on the part of the appellees to deliver; and as that was a question proper to be ascertained by the verdict of a jury, we see nothing in this record to justify us in reversing the judgment.

Nor is it necessary here to enter into a discussion as to the construction which should be given to the obligation upon which this suit was instituted, or the capacity of either defendant to discharge the debt by a tender out of his own crop alone. Such a discussion is not rendered necessary by the state of the pleadings in the district court. It will be sufficient to add to what has already been said, that, admitting as the appellant contends that the obligation was *several* as to the persons only who might make the actual tender, but *joint* as to the fund out of which the tender should be made, and that the appellant was entitled to a tender of cotton of the best quality raised by both the appellees, we should not still be justified in reversing this judgment; for it does not appear to have been satisfactorily shown to the jury that any other cotton was raised by them, other than that which was tendered to the appellant; nor does it appear that if any other was raised by them it was of a quality inferior to that which was tendered. Let the judgment of the court below be affirmed with costs.

*Affirmed.*

Judge Morris says: "I dissent from both the points decided in this case."

Judge Ochiltree says: "I concur in the result of this opinion of my brother Jones and generally in the reasoning; there are some minor points in the case on which I entertain opinions variant from those herein contained."

---

610; Focke v. Hardeman, 67 T., 173; Perrill v. Kaufman, 72 T., 214; Moore v. First Nat. Bank, 82 T., 537. But literal exactness is not required. Lewis v. Stewart, 62 T., 352.

**Note 54.**—Huff v. McCreary, p. 528.

Plaintiff must have notice of rule for costs, in order to visit upon him the consequences of failure to comply with same. Houston v. Sublett, 1 T., 523; Clute v. Ewing, 21 T., 677, 679; Holshousen v. Hollingsworth, 32 T., 86; Marks v. Fields (T. C. A.), U. R. C., 1895; Frazer v. Moore (T. C. A.), U. R. C., 1902. Entry of rule on judge's docket is not sufficient notice. Motion should be made and entered on motion docket. Shackelford v. Wallace, 4 T., 239; Marks v. Fields (T. C. A.), U. R. C., 1895. Rule for costs may be entered at any time before final judgment. I. & G. N. Ry. Co. v. Williams, 82 T., 342; Frazer v. Moore (T. C. A.), U. R. C., 1902. May be complied with at